UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
ANNE MARIE CRONIN,

            Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTION, MORRIS LEWIS, ANTOINETTE PINCKNEY, TANIA FIGUEROA, NEESHA JASMINE, and LATISHA HAMILTON,

            Defendants.
-------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**

Case No. 1:23-cv-01573-FB-LB

*Appearances*:
*For the Plaintiff*:
ALBAN DUNISHA
L&D Law, P.C.
11 Broadway, Suite 615
New York, NY 10004

*For Defendants*:
J. BIRT REYNOLDS
New York City Law Dept
Labor and Employment
100 Church St., Suite 2-169
New York, NY 10007

*For Defendant Lewis*:
E. DUBOIS RAYNOR, JR.
Civil Rights Consortium, Inc.
Legal Division
547 North Ave.
New Rochelle, NY 10801

**BLOCK, Senior District Judge:**

In this federal question harassment, discrimination, and retaliation action, Defendant Morris Lewis ("Lewis") moves for a preliminary injunction to enjoin administrative proceedings before the Office of Administrative Trial and Hearing ("OATH"). For the following reasons, Defendant's motion is denied.

## I.   BACKGROUND

Plaintiff Anne Marie Cronin, an employee of the New York City Department of Correction ("DOC"), brought claims against her supervisors, the City of New York, and DOC based on allegations of sexual harassment, discrimination, and retaliation during her employment. One of those defendants, Plaintiff's former supervisor, Morris Lewis, is also subject to a pending disciplinary proceeding before OATH, based on a petition brought by his co-defendant in this action, DOC. OATH is an independent agency that conducts administrative trials and hearings for other New York City agencies. Lewis's disciplinary proceeding is based on additional complaints by two other DOC employees who are not parties to this case.[1] Trial is

---

1 Those complainants have filed their own civil actions against Lewis, the City of New York, DOC, and additional DOC employees. *See Gairy v. City of New York*, No. 1:23-cv-00802-NGG-SJB (E.D.N.Y. Feb. 2, 2023); *Williams v. City of New York*, 1:23-cv-00836-BMC-PK (E.D.N.Y. Feb. 2, 2023).

set to commence before an Administrative Law Judge ("ALJ") on September 13, 2023.

Lewis argues that the sexual harassment and discrimination claims against him are part of a conspiracy manufactured by one of his DOC co-workers and the complainants in the OATH proceeding. Lewis asserts that he will present evidence in support of this defense in the OATH trial. In the instant case, Lewis asserts that he will, after adequate discovery, initiate a third-party action against his co-defendants to show that Plaintiff was also acting in furtherance of the conspiracy in fabricating her claims of sexual harassment against Lewis.

Lewis filed a motion for a preliminary injunction on August 21, 2023, asserting that his co-defendants, the City of New York and DOC, were infringing upon his constitutional right to present claims and defenses in the case before this Court. Lewis argued that the disciplinary trial before OATH would require him to proffer the same defense he will assert in the case before this Court: that the allegations against him are part of a broader conspiracy by the other parties. Lewis contends that this factual overlap could in turn lead to findings by OATH that could be binding against Lewis in the case before this Court pursuant to collateral estoppel. Lewis asserts that the disciplinary proceeding—and the alleged resultant preclusive

3

findings—are part of a deliberate ploy by the City of New York and DOC to violate his rights and gain an advantage in the case before this Court.

On August 24, 2023, the City of New York, DOC, and the other defendants in this case filed an opposition to Lewis's motion arguing, among other things, that the OATH tribunal's findings would not have any preclusive effect on the case before this Court. In support of this, the non-movants noted that the presiding ALJ had precluded DOC from offering Plaintiff's testimony or her reports on Lewis's conduct into evidence in support of DOC's case in chief.

The Court held a hearing on Lewis's motion on September 7, 2023.

## II. DISCUSSION

### a. Preliminary Injunction Standard

A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). To obtain a preliminary injunction, the movant must demonstrate that: (1) they are likely to succeed upon the merits; (2) they are likely to suffer irreparable injury in the absence of an injunction; (3) the balance of hardships tips in the movant's favor; and (4) the public interest is not disserved by the issuance of the injunction. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010). Here, the irreparable harm prong is dispositive,

so the Court need not address the other factors.[2]  *See, e.g.*, *Clark v. Childs*, 416 F. Supp. 3d 221, 223 (E.D.N.Y. 2017) (explaining that "the Court need not reach any of the other requirements necessary for the grant of injunctive relief where irreparable harm has not been demonstrated" (citing *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007))).

b. **Irreparable Harm**

To prove irreparable harm, a movant must demonstrate that they will suffer an injury that is actual and imminent, not remote and speculative. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 97 (2d Cir. 2005).  Lewis alleges that absent a preliminary injunction his constitutional right to present claims and defenses will be violated because of the preclusive effect of the OATH proceeding.  Lewis cannot carry his burden here.

Defendant inarguably has a right to present claims and make defenses.  *See, e.g.*, *Chambers v. Baltimore & O.R. Co.*, 207 U.S. 142, 148 (1907) ("The right to sue and defend in the courts is the alternative of force. . . . [I]t is the right conservative of all other rights.").  But the alleged injury here—that Lewis's conspiracy defense

---

[2] Non-movants additionally invoke the *Younger* abstention doctrine as a ground for this Court to abstain from enjoining the OATH proceeding.  *See, e.g.*, *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74-75 (2d Cir. 2003).  In light of the Court's finding on Lewis's showing of irreparable harm, the Court declines to address the *Younger* question other than to note that the underlying principles of comity strongly weigh in favor of the Court's ruling.

might have some overlap in the OATH disciplinary proceeding with his defense in this case—is too remote and speculative to meet the high bar necessary to justify injunctive relief. This is particularly apparent where the disciplinary proceeding is based on complaints brought by non-parties, and the presiding ALJ has forbidden DOC from introducing Plaintiff's testimony or her reports in support of its case in chief. These differences minimize the likelihood that the OATH trial proceeding necessarily decide identical material issues to the case before this Court, and thereby result in preclusive findings under collateral estoppel. *See Locurto v. Giuliani*, 447 F.3d 159, 170-71 (2d Cir. 2006) (explaining that collateral estoppel is applied under New York law only where the bound party has had "a full and fair opportunity to litigate" an issue that was "identical to a material issue necessarily decided by the administrative agency in a prior proceeding"). To the extent that any questions of issue preclusion might arise down the road, this Court shall address them at that time.

*Schoolcraft v. City of New York* does not suggest a different conclusion. 955 F. Supp. 2d 192 (S.D.N.Y. 2013). In that case, the court granted a plaintiff's motion to preliminarily enjoin administrative proceedings initiated against him by the defendants, the City of New York and the New York Police Department ("NYPD"). The plaintiff had brought claims in federal court against NYPD stemming from his alleged seizure and involuntary confinement to a psychiatric hospital. In the separate

6

disciplinary proceeding, the plaintiff was charged with infractions specifically related to the factual circumstances surrounding his alleged seizure. After finding that the NYPD disciplinary proceeding could produce overlapping factual findings that might be entitled to preclusive effect, the court addressed the preliminary injunction analysis.

Under the irreparable harm prong, the court noted that the administrative proceeding at issue would be carried out by the defendants themselves and would therefore be "under the auspices of an entity that is not only a party to the instant action, but also stands to sustain significant damage if Plaintiff succeeds." *Schoolcraft*, 955 F. Supp. 2d at 199. Similarly, the questioning that would take place in the disciplinary hearing would occur "outside the bounds of judicial process," and "on [NYPD's] terms." *Id.* In recognition of the potential prejudice to the plaintiff, where he could be bound by the preclusive effect of a disciplinary proceeding conducted under the non-movant's terms and outside of judicial process, the court found that the plaintiff had made an adequate showing that he would likely suffer irreparable harm absent injunctive relief.

Lewis has not made a comparable showing sufficient to grant relief here. Unlike the plaintiff in *Schoolcraft*, Lewis's disciplinary proceeding will not be "under the auspices" of DOC, nor will it be "outside the bounds of judicial process."

7

It will be before a neutral agency, in a proceeding run by an ALJ, where Lewis is represented by counsel. Similarly, *Schoolcraft* involved potential collateral estoppel on identical issues between the same parties, whereas here the administrative proceeding is based on factual allegations by non-parties and the ALJ has excluded Plaintiff's allegations. In sum, Lewis will have a fair chance to present claims and make defenses in the OATH disciplinary proceeding, just as he will have a chance to make claims and present defenses regarding Plaintiff's allegations in this case. To the extent any questions of issue preclusion arise, they will be fairly adjudicated by this Court as noted. But such possibilities do not justify the extraordinary step of enjoining the disciplinary proceeding before the OATH tribunal.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion for a preliminary injunction is denied on the basis that he has not made an adequate showing that he will suffer actual and imminent irreparable harm absent relief.

**SO ORDERED.**

                                                    /S/ Frederic Block
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
September 8, 2023